IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Disabled Patriots of American, Inc.** and Bonnie Kramer, | : | |
| Plaintiffs, | : | |
| vs. | : | Case No. 1:07cv1591 |
| **Sheffield Enterprises, Ltd.,** and Sheffield Enterprises II, Ltd., | : | JUDGE OLIVER |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT SHEFFIELD ENTERPRISES, LTD AND SHEFFIELD ENTERPRISES II, LTD.

1. Admits that this court has jurisdiction over an action brought pursuant to 28 U.S.C. §1331 and §1343 for claims arising under 42 U.S.C. §12181, *et seq.,* but otherwise denies any remaining allegations set forth in paragraph 1 of the Complaint.

2. Defendant Sheffield Enterprises II, Ltd. states that it is not the owner, operator, lessee, or lessor of the subject shopping center, but rather owns an adjoining, undeveloped parcel of land and as such denies all allegations within Plaintiffs' Complaint.

3. Defendant Sheffield Enterprises, Ltd. (hereinafter "Sheffield") states that it without knowledge or information sufficient to form a belief as to the truth of the allegations as to the Plaintiffs' identities set forth in paragraphs 2 and 3 of the Complaint, and denies the remaining allegations within paragraphs 2 and 3 of the Complaint.

4. Sheffield denies the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

5. Sheffield admits only that it is the owner of the subject shopping center as alleged in Plaintiffs' paragraph 5a and denies the allegations of 5b to the extent that it is claimed that Sheffield Enterprises II, Ltd. is the owner and/or lessee, lessor, and/or operator of the subject shopping center.

6. States that in response to the allegations within Plaintiffs' paragraphs 6, 7, 8, 9 and 11 that the Congressional legislation speaks for itself and that as such no response is required.

7. Admits the allegations of paragraph 10 of Plaintiffs' Complaint only to the extent that some, but not all, of the shopping center is a public accommodation.

8. Denies the allegations of paragraph 12 of Plaintiffs' Complaint.

9. Denies the allegations of paragraph 13 of Plaintiffs' Complaint.

10. Denies the allegations within paragraph 14 of Plaintiffs' Complaint.

11. Denies the allegations within paragraph 15 of Plaintiffs' Complaint.

12. In response to Plaintiffs' paragraph 16, inasmuch as the Complaint does not state with particularity or otherwise specifically identify the part or parts of the premises to which the allegations set forth in paragraph 16 refer, Sheffield states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and subparts; to the extent that an admission or denial is required, deny.

13. As the allegations within Plaintiff's paragraph 17 simply allege that there are other barriers, conditions, or violations without any specification as to what those

additional barriers or violations are, Defendant is without sufficient knowledge or information to admit or deny the allegations within paragraph 17 of Plaintiff's Complaint; to the extent that an admission or denial is required, deny.

14. Denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

15. In response to the allegations of Plaintiffs' paragraph 19, as the alleged physical barriers, dangerous conditions and ADA violations were not identified with particularity, Defendant is unable to admit or deny the allegations in paragraph 19; to the extent that any response is required, deny that the alleged violations may be remedied in a manner that is readily achievable and without much difficulty or expense.

16. Denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

17. In response to paragraph 21, Sheffield states that it is unaware of any agreement reached between the Plaintiffs and their counsel, however, Defendant states that upon receipt of notice of Plaintiffs' claims, undersigned counsel repeatedly attempted to contact Plaintiffs' counsel to discuss some resolution of this matter short of litigation to minimize attorney fees, but no response to his inquiries were ever received.

18. Plaintiffs' allegations within paragraph 22 are allegations of law and require no response, to the extent any response is required, Sheffield states only that the U.S. Code speaks for itself.

19. Sheffield denies any remaining allegations of the Plaintiffs' Complaint not expressly admitted to herein.

**SECOND DEFENSE**

20. States that the Plaintiffs lack standing.

**THIRD DEFENSE**

21. States that the Plaintiffs have failed to provide required notice to Defendants, and that Plaintiffs have failed to meet conditions precedent to the filing of the Complaint.

**FOURTH DEFENSE**

22. States that the Plaintiffs have failed to join necessary parties as required by Federal Rule 19.

**FIFTH DEFENSE**

23. States that Plaintiffs' claims are barred by the applicable statute(s) of limitations.

**SIXTH DEFENSE**

24. States that Plaintiffs' claims are barred by the doctrine of *laches.*

**SEVENTH DEFENSE**

23. States that Plaintiffs' claims are barred by the doctrine of waiver.

**EIGHTH DEFENSE**

25. States that Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, having fully answered the Complaint, Defendant prays that the same be dismissed and that it recover its costs expended herein.

*/s/* **James E. Boulas**
James E. Boulas            (0070007)
Trial Counsel for Defendant
James E. Boulas Co. LPA
Raintree Plaza
7914 Broadview Road
Broadview Heights, Ohio 44147
440-526-8826; Fax: 440-838-8822
E-Mail:  jim@jeboulas.com

*/s/* **Edward G. Hubbard**
Edward G. Hubbard         (0067784)
Co-counsel for Defendant
Lane, Alton & Horst LLC
Two Miranova Place, Ste. 500
Columbus, Ohio 43215
614-228-6885; Fax: 614-228-0146
E-Mail:  ehubbard@lanealton.com

**CERTIFICATE OF SERVICE**

I hereby certify that on Jun 29, 2007, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system, and that a copy of same was sent via the CM/ECF system to:

| | |
|---|---|
| Guy M. Shir, Esq. | Todd W. Shulby, Esq. |
| Florida Bar No. 0114863 | Florida Bar No. 068365 |
| Lead Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| Kahan, Shir & Associates, P.A. | Todd W. Shulby, P.A. |
| 1800 NW Corporate Blvd., Ste. 102 | 12555 Orange Drive, Ste. 270 |
| Boca Raton, Florida 33431-7336 | Davie, Florida 33330-4304 |
| 561-999-5999; Fax: 561-893-0999 | 954-862-1770; Fax: 954-862-1769 |
| E-Mail: gshir@kahanshir.com | E-Mail: tshulby@comcast.net |

　　　　　　　　　　　　　　　　　　　/s/ *Edward G. Hubbard*
　　　　　　　　　　　　　　　　　　　Edward G. Hubbard　　　(0067784)

6